http://www.va.gov/vetapp16/Files3/1621749.txt

Citation Nr: 1621749 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-06 643 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia

THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus type II.

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

A. Purcell, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1946 to July 1968.

This matter comes before the Board of Veterans' Appeals (Board) from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). In June 2015, the Board remanded this matter for additional development.

The issues of service connection for diabetic complications including peripheral neuropathy have been inferred from the record, have not been adjudicated by the RO, and are referred to the RO for appropriate action. See October 2015 VA Examination Reports; and December 2015 VA Memorandum from the Appeals Management Center.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

The preponderance of the competent and credible evidence shows that the Veteran's hypertension did not manifest in service or within a year after service, is not related to service, and is not related to or aggravated by his service-connected diabetes mellitus type II.

CONCLUSION OF LAW

The criteria for service connection for hypertension, to include as secondary to service-connected diabetes mellitus type II, have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letter dated March 2009. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records, post-service military treatment records, VA examination records, and private medical treatment records have been obtained and considered. 

In June 2015, the Board remanded this matter for VA examination. VA examination relating to the Veteran's hypertension claim was conducted in October 2015 and medical opinion was obtained. The October 2015 examination substantially complies with the Board's remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). The examination and associated reports are adequate, having been performed by an examiner with appropriate expertise, who had knowledge of the necessary context, and adequately explained the conclusion expressed. Along with the other evidence of record, there is sufficient information to decide the appeal and a sound basis for a decision on the Veteran's claim. 

In this case, VA has satisfied its duties to notify and assist, additional development efforts would serve no useful purpose, and there is no prejudice to the Veteran in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). 

Service connection is also warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is likewise warranted for an increase in the severity of a nonservice-connected disability, a permanent worsening beyond the natural progress of the nonservice-connected disease, that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

For certain chronic diseases, such as hypertension, which is a type of cardiovascular-renal disease, a presumption of service connection arises if the disease is manifested to a degree of 10 percent within one year following discharge from service. 38 C.F.R. §§ 3.307, 3.309(a). When a chronic disease is not shown within one year after service, under 38 C.F.R. § 3.303(b) for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. When the fact of chronicity in service is not adequately supported, a showing of continuity after discharge is required to support a claim for such diseases; however, such continuity of symptomatology may only support a claim for those chronic diseases listed under 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

With disability compensation claims, VA adjudicators are directed to assess both medical and lay evidence. In addressing lay evidence and determining its probative value, if any, attention is directed to both competency ("a legal concept determining whether testimony may be heard and considered") and credibility ("a factual determination going to the probative value of the evidence to be made after the evidence has been admitted"). See Layno v. Brown, 6 Vet. App. 465, 469 (1994). When considering lay evidence, the Board may properly consider internal inconsistency of the statements, facial plausibility, consistency with other evidence submitted on behalf of the Veteran, and the Veteran's demeanor when testifying at a hearing. See Dalton v. Nicholson, 21 Vet. App. 23, 38 (2007); Caluza v. Brown, 7 Vet. App. 498, 511 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

The Veteran seeks service connection for hypertension, claiming that his hypertension was incurred in service, is connected to service, or that it was caused by or aggravated by his service-connected diabetes mellitus type II. 

Service treatment records show various blood pressure readings, including what appear to be some elevated readings, but do not show a diagnosis of hypertension. See July 1949 STR (130/80); July 1952 STR (148/78); April 1958 STR (130/90); May 1958 STR (130/68); July 1958 STR (148/78); June 1960 STR (122/70); January 1962 STR (118/78); March 1963 STR (110/68); March 1963 STR (118/78); April 1964 STR (128/70); June 1965 STR (120/78); July 1965 STR (130/86); January 1966 STR (136/84); November 1966 STR (120/74); and March 1968 STR (128/84). The Veteran's April 1968 retirement physical shows a normal blood pressure reading of 128/84.

A June 1970 VA examination report relating to another claim shows a blood pressure reading of 140/84.

The earliest mention of a hypertension diagnosis in the Veteran's claims file is a November 1990 VA examination report, which shows a blood pressure reading of 182/80 and notes a 1972 hypertension diagnosis.

In October 2015, the Veteran underwent VA examination in relation to his hypertension. At that time, the Veteran reported that his hypertension started years after retirement from service, around 1972. He reported that his diabetes began around 1980. After review of the file and examination of the Veteran, the examiner opined that it was less likely as not that the Veteran incurred hypertension in service The examiner also opined that it was less likely than not that the Veteran's service-connected diabetes aggravated his hypertension because the Veteran did not appear to have kidney problems, which is the factor which leads diabetes to have an effect on hypertension. 

The Board finds the VA medical opinion to be probative evidence against the claim. Both the Veteran and his son who attended the examination with the Veteran acknowledged that the Veteran's hypertension first started three to four years after service. This is in accord with the earliest notation of a hypertension diagnosis in the claims file, the November 1990 report of a 1972 hypertension diagnosis. The Veteran also reported that his diabetes began years after his hypertension. The VA examiner's opinion that the Veteran's diabetes did not aggravate his hypertension is supported by the rationale that the Veteran did not have kidney problems, which are the link between diabetes and hypertension. This rationale is also consistent with the Veteran's medical records. See generally Veteran's Naval Medical Center Portsmouth Treatment Records from 2000 to 2009. The record does not contain any contradictory medical opinion. 

The only other opinion of record is that of the Veteran. He asserts that his hypertension is related to service, or is caused or aggravated by his diabetes mellitus type II. In many instances, laypersons are competent to provide opinions regarding the etiology of a disorder. Layno v. Brown, 6 Vet. App. 465 (1994); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). However, the Board finds that the opinion of a medical professional is more probative than the Veteran's lay assertions. The VA examiner has expertise, education, and training that the Veteran is not shown to have. As such, that opinion is afforded more weight. The Board therefore finds that the evidence weighs in favor of a finding that the Veteran's hypertension is not related to service or to his diabetes disability.

The Board notes that, on an October 2009 form, the Veteran reported a disability onset date of January 1, 1969 for hypertension, which would be within one year of his separation from service. This form was submitted in relation to the Veteran's current claim. However, the Board finds that the Veteran's earliest statement regarding his hypertension, which was affirmed by his most recent statement regarding his hypertension, is the most probative. As noted above, in a November 1990 VA examination relating to a different claim, the Veteran reported a 1972 hypertension diagnosis. This is the earliest statement in the record regarding the Veteran's hypertension, and therefore the closest in time to his separation from service. At his recent VA examination in relation to his hypertension claim, the Veteran again reported a 1972 hypertension diagnosis. The Veteran's son also reported that the Veteran's hypertension began around 1972. The VA examiner opined that the Veteran's hypertension did not manifest in service, after consideration of these accounts and after consideration of the claims file. While the Veteran has reported that he has been on medication for high blood pressure since 1970, this still would not fall within the one year period following service. Viewing all of the evidence as a whole, the Board finds the Veteran's earliest statement regarding the onset of his hypertension to be the most probative. It was closer in time to his separation from service, made in a context free of bias, and was confirmed by the Veteran and his son in October 2015.

The Board therefore finds that the preponderance of the evidence is against the claim that the Veteran's hypertension began during or within a year of service, that it is directly related to his service, and that it was caused or aggravated by his diabetes mellitus type II. The claim for service connection for hypertension must therefore be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, on these facts, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 53-56.

ORDER

Service connection for hypertension, including as secondary to service-connected diabetes mellitus type II, is denied.

____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs